ARBUSTCI, The, (JUSTI PON v.) See Case No. 7,589.

ARCHBOLD. (GERMAN SAV. BANK v.) See Case No. 5,364.

ARCHEMBROUN, In re. See Cases Nos. 503, 504, and 505.

ARCHENBRAUN, In re. See Cases Nos. 503, 504, and 505.

## Case No. 503.

### In re ARCHENBROWN.

[8 N. B. R. (1876,) 429.]

### District Court, E. D. Michigan.

BANKRUPTCY—PROOF OF DEBTS—EXPENSES OF ATTACHING CREDITORS.

[A claim by creditors of a bankrupt for the expenses of an attachment, begun by them against him before the commencement of bankruptcy proceedings, should not be allowed against the bankrupt estate. Gardner v. Cook, Case No. 5,226, followed.]

In bankruptcy.

By the register: Foreman & Friedlander presented for allowance an account. The following are the items:

Services of Dickenson & Dickenson, investigating said bankrupt's condition...... $10
County fee paid clerk of Wayne county said case in attachment............... 2
Clerk's fees in said suit, attorney's services in suit of attachment................. 20

The allowance of this account being contested by the assignee, the register certifies the case to the district court, with the following opinion:

I do not think that the account ought to be allowed; because: 1st. It is not and does not claim to be an account for which the bankrupt is liable; and if it were, it could only be proved after the form prescribed by section twenty-two. 2d. It does not claim to be an account for disbursements incurred by a petitioning creditor in procuring the adjudication of bankruptcy. Such accounts have usually been allowed, because they are seen to have been incurred in the interest of all the creditors by taking proceedings which will bring the estate of the bankrupt within the power of this court, where an equitable distribution may be assured, according to the principles and policy of the bankrupt act. Nothing appears from the petition to show that the expenses here incurred were not solely for the benefit of the attaching creditors; and their proceedings, if they had not been interrupted by the proceedings in bankruptcy, would have resulted in the payment in full of the parties who make this application, at the expense of all other creditors. A result so hostile to the policy of the bankrupt act ought not, in my judgment, to be countenanced by the allowance of the claim here presented.

Hovey K. Clarke, Register.

LONGYEAR, District Judge. I think Judge Knowles' opinion in Gardner v. Cook, [Case No. 5,226,] in the reasoning and conclusions of which I entirely concur, and the cases there cited, are conclusive of the correctness of the foregoing decision of the register. I, therefore, hereby approve the same.